UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 407 |
| v. | ) | Chief Judge James F. Holderman |
| | ) | |
| ANTHONY VALENTINO | ) | |
| | ) | |

**GOVERNMENT'S AGREED FIRST MOTION FOR AN EXTENSION OF TIME TO
RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8), for a 60-day extension of time, to and including August 19, 2008, in which to seek the return of an indictment against the defendant, for the following reasons:

1.      This phase of the investigation was initiated in approximately April 2007.  It focused on a number of individuals, 15 of whom were charged in a total of eight complaints filed on either May 20, 2008 or May 21, 2008.  The complaints charged defendants with either bribery or conspiracy to commit bribery in violation of Title 18, United States Code, Section 666 and Title 18, United States Code, Section 371, respectively.  The complaints against defendants were based in large part on either or both of the cooperation of a cooperating witness who accepted from developers/contractors and paid to City of Chicago inspectors controlled bribes and Court - authorized Title III recorded conversations intercepted between October and December 2007.

2.      Defendant Anthony Valentino was arrested on May 22, 2008.  He is the only defendant in his complaint.

3.      A number of factors pertaining to the investigation of the defendants charged in these complaints as well as other potential additional defendants have led to the government's request for extension.  Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal.  The government is requesting that this Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

4.      Given the number of defendants involved in the complaints charged as a result of the investigation, the length of time that this investigation has been ongoing, and the additional reasons stated in the government's sealed Attachment, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on his arrest will not be sufficient.  The United States estimates that a 60-day extension from the current expiration date of June 20, 2008 to August 19, 2008, will be sufficient time within which to return an indictment in this matter.

5.      Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(8)(B), which provide in relevant part:

Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution... that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section; [or]

Whether, in case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Government the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(8)(B)(ii), (iii), and (iv).

6.    The government respectfully submits that the 60-day continuance is warranted in this case pursuant to the forgoing provisions.  The government has been conducting a diligent and thorough investigation in this case, but the investigation includes 15 (charged) defendants (although charged in separate complaints) and thousands of intercepted phone calls, and additional factors warranting an extension of time (as cited in the government's Attachment) exist.  The government cannot complete its investigation and appropriately conclude the investigation within the time allowed under Section 3161(b) of the Speedy Trial Act as currently extended.

7.    On June 11, 2008, counsel for defendant informed the government that there was no objection to the motion.

WHEREFORE, the United States respectfully requests a 60-day extension of time from June 20, 2008 to and including August 19, 2008 in which to seek an indictment in this case.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:    /s/ Christina Egan
JULIET S. SORENSEN
CHRISTINA EGAN
Assistants United States Attorney
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois  60604
(312) 353-4095

Dated: June 16, 2008

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 407 |
| v. | ) | Chief Judge James F. Holderman |
| | ) | |
| ANTHONY VALENTINO | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

I, CHRISTINA EGAN, certify that on June 16, 2008, I caused the Government's First Motion for an Extension of Time to Return Indictment Pursuant to 18 U.S.C. § 3161(h):and FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:    /s/ Christina Egan
       JULIET S. SORENSEN
       CHRISTINA EGAN
       Assistants United States Attorney
       United States Attorney's Office
       219 South Dearborn Street
       Chicago, Illinois  60604
       (312) 353-4095